WESTERN UNION TEL. CO. *v.* BALTIMORE & OHIO TEL. CO. OF TEXAS.

*(Circuit Court, E. D. Texas. 1884.)*

TELEGRAPH COMPANY — TEXAS REV. ST. 1879, ART. 624 — USE OF RIGHT OF WAY OF RAILROAD — WESTERN UNION TELEGRAPH COMPANY — BALTIMORE & OHIO TELEGRAPH COMPANY.

A telegraph company in the state of Texas cannot acquire, by agreement with a railroad company, the exclusive right to use its right of way for a line of telegraph. Texas Rev. St. 1879, art. 624.

Application for an Injunction.

*Stemmans & Field,* for complainant.

*Gresham & Jones,* for defendant.

SABIN, J. In this cause, in which a restraining order was granted October 28, 1884, subject to further order herein, and in which notice was ordered to be given of an application for an injunction to be made November 11, 1884, and the same having been presented through the bill filed herein, and resisted by the demurrer and original answer respectively presented to me by the counsel for the parties, and the question of the right to the injunction having been argued by counsel, and authorities submitted for consideration, and having carefully considered the same, I am of opinion that article 624, p. 104, of the Revised Statutes of Texas, 1879, is controlling authority in this case, and which is as follows, viz.:

"Art. 624. No corporation shall have power to contract with any owner of land for the right to erect and maintain a telegraph line over his lands, to the exclusion of the lines of other companies."

And this seems to have been the public law of Texas since 1871, and to have settled its public policy. The complainant company herein, a company organized under the laws of New York, claims

that July 26, 1881, it made a contract with the Texas & Pacific Railway Company, which owned and possessed a right of way in Red River county and elsewhere in Texas, and wherein said railway company agreed and stipulated, among other things, as follows:

"The railway company, so far as it legally may, hereby grants and agree, to assure to the telegraph company the exclusive right of way on and along the line, lands, and bridges of the railway company, and on any extensions and branches thereof, for the construction and use of lines, of poles, and wires, etc., for commercial or public uses or business, with the right to put up from time to time, under the provisions of this agreement, such additional wires on said poles, or such additional lines of poles and wires, etc., as the telegraph company may deem expedient. And the railway company agrees to clear and keep clear said right of way of all trees, etc.; and the railway company will not transport men or material for the construction or operation of a line of poles, wires, etc., for other lines in competition with the telegraph company, party hereto, except at the railway company's regular local rates; nor will it furnish for any competing line any facilities or assistance that it may lawfully withhold, nor stop its trains, nor distribute material therefor, at other than regular stations: Provided, always, that in protecting and defending the exclusive grants conveyed by this contract, the telegraph company may use and proceed in the name of the railway company, or any company whose road may be controlled or operated by the railway company party hereto, but shall indemnify and save harmless the railway company from any and all damages, costs, charges, and legal expenses incurred therein or thereby."

Hence the complainant claims an interest in such right of way of said railway company, and claims that while it has established its right of way on the south side of the right of way of said railroad company, it claims that before the defendant can occupy and exercise a right of way on the north side of the road-bed of said railway company in Red River county, that it must have plaintiff's interest therein, so stipulated for in said contract with the railway company, condemned, and satisfaction in money made therefor. On the other hand, it is claimed by defendant that complainant has no interest in the unoccupied north side of the road-bed of said railway company which can be condemned, and I am of the same opinion. It will not be pretended that a telegraph company organized under the laws of Texas could acquire the exclusive right to the right of way of railway companies, or to the lands of private individuals, and I am unable to see how the companies organized in other states can pretend to have greater rights within the legitimate dominion of its laws. They may have the same rights, but they cannot have greater. It is unnecessary for me to discuss the other questions presented in the demurrer and answer, and so ably discussed *pro* and *con* in the arguments of counsel. It is sufficient, for the purposes of the case, that the complainant is unable under the laws of Texas to acquire greater rights than a right of way for itself in the right of way of said railroad company, and under no circumstances to the exclusion of the competing line or lines of any other company or companies. Under this view of the case it is likewise, perhaps, unnecessary to refer to the fact that the railway company was made a party to the condem-

nation proceeding of defendant in Red River county, and that under the terms of the contract the complainant telegraph company was fully authorized to use and proceed in the name of the railway company in protecting and defending the exclusive grants conveyed by the contract, which would have enabled it to have protected its rights, if any, in the proceedings for condemnation, and have thus rendered unnecessary the proceedings by injunction, in the absence of a hostile combination of the railway company with other parties.    The restraining order of October 28, 1884, is hereby vacated, and the application for the injunction prayed for in the bill is refused; and it is so ordered.    It is also ordered that the demurrer and original answer presented to me and considered upon this application be filed with the papers of the cause, and that these orders be likewise filed.